UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Aleem Akram,** | ) | **CASE NO. 3:14 CV 2415** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Brian Cook, Warden,** | ) | |
| **Pickway Correctional Institution,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Aleem Akram has filed the pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. 1.) He seeks to challenge his conviction, pursuant to a guilty plea in the Hancock County Court of Common Pleas, for possession of drugs. He contends his constitutional rights were violated and that his counsel was ineffective.

A federal court may entertain a habeas petition filed by a person in state custody on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254. A petitioner must exhaust all state remedies available to him. 28 U.S.C. §2254(b).

It is clear from the face of the petition that the petitioner did not appeal his conviction and did not exhaust his state remedies on any claim asserted in his petition. Although the time for filing a notice of appeal in the Ohio courts as of right has now expired, petitioner may still

pursue an appeal under Ohio Appellate Rule 5. Thus, regardless of the potential merits of petitioner's claims, on which the Court expresses no opinion, his petition is subject to dismissal for failure to exhaust.

## Conclusion

For the foregoing reasons, and pursuant to the Rule 4 of the Rules Governing Section 2254 Cases, this action is dismissed without prejudice for failure to exhaust state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/26/15